HCCT, INC., d.b.a. Sophisticut, Appellant,

v.

WALTERS, Appellee.

[Cite as *HCCT, Inc. v. Walters* (1994), 99 Ohio App.3d 472.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–94–028.

Decided Dec. 23, 1994.

*William T. Maloney,* for appellant.

*Stewart W. Jones,* for appellee.

*Per Curiam.*

Pursuant to Sixth Dist.Loc.App.R. 12(B), this case is hereby assigned to the accelerated calendar. This is an appeal from a judgment of the Lucas County Court of Common Pleas that granted summary judgment to appellee in this employment contract dispute. Appellant sets forth the following three assignments of error:

"(A) The lower court erred in granting summary judgment against the plaintiff on its claims for (1) breach of the confidential information provision and (2) breach of the non-solicitation clause.

"(B) The lower court erred in granting summary judgment against the plaintiff on its claim for breach of the noncompetition clause.

"(C) The lower court erred in failing to grant partial summary judgment for the plaintiff on its claims for (1) breach of the confidential information provision and (2) breach of the nonsolicitation clause."

The facts relevant to this appeal are as follows. In 1989, appellee Michelle L. Walters signed an employment contract with appellant, HCCT, Inc., d.b.a. Sophisticut, a corporation that operates a hair-styling salon in Toledo. This contract contained anticompetition, antisolicitation and "confidential information" clauses, the latter defined to include customer lists. After working for appellant for three years and advancing to the position of assistant manager, without receiving a raise from her $5-per-hour salary, appellee quit her job in October 1992. Appellee became self-employed at another salon within three miles of appellant's location, a violation of the anticompetition clause. Appellee also telephoned certain clients whose names and numbers she had in her personal address book to inform them that she no longer worked at appellant's salon. Although appellant had not previously pursued other former employees who violated the same clauses that appeared in appellee's contract, appellant filed suit against appellee on November 10, 1992, alleging violation of these clauses and seeking injunctive and monetary relief. Cross-motions for summary judgment were filed. On February 7, 1994, in a very thorough analysis of the relevant case law, the trial court granted appellee's motion and denied appellant's motion. Appellant filed a notice of appeal on February 9, 1994.

The analysis of the appropriateness of the grant of summary judgment is the same for all of appellant's assignments of error. Therefore, we will discuss all three together. The standards for evaluating restrictive covenants were set forth by the Ohio Supreme Court in *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544, paragraphs one and two of the syllabus:

"1. A covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer's legitimate interests. (Paragraphs two and three of the syllabus in *Extine v. Williamson Midwest*, 176 Ohio St. 403 [27 O.O.2d 375, 200 N.E.2d 297], overruled.)

"2. A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public."

The court in *Raimonde* also noted the following factors to consider in determining the "reasonableness" of employee covenants:

" '[T]he absence or presence of limitations as to time and space, * * * whether the employee represents the sole contact with the customer; whether the employee is possessed with confidential information or trade secrets; whether the covenant seeks to eliminate competition which would be unfair to the employer or merely seeks to eliminate ordinary competition; whether the covenant seeks to stifle the inherent skill and experience of the employee; whether the benefit to the employer is disproportional to the detriment to the employee; whether the covenant operates as a bar to the employee's sole means of support; whether the employee's talent which the employer seeks to suppress was actually developed during the period of employment; and whether the forbidden employment is merely incidental to the main employment.' " (Citations omitted.) *Id.*, 42 Ohio St.2d at 25, 71 O.O.2d at 14, 325 N.E.2d at 547.

The evidence before the trial court was that appellee was a fully trained hair stylist before her employment with appellant; that appellant did not possess or teach appellee any hair-styling trade secrets; and that this was appellee's sole means of support. There was no evidence that appellant had invested either time or money in training appellee; nor was there evidence of any long-term damage to appellant's business by appellee's post-resignation actions. This court agrees with the trial court that (1) the covenants seek to eliminate mere ordinary competition, not unfair competition; (2) the benefit to the employer is disproportional to the detriment to the employee; and (3) in view of appellant's weak interests in enforcing the covenants, the contract is unreasonable and unenforceable.

Upon consideration of the foregoing, this court finds that there is no genuine issue as to any material fact and, when construing the evidence that was before the trial court most strongly in favor of appellant, reasonable minds can only conclude that appellee is entitled to summary judgment as a matter of law. Accordingly, appellant's three assignments of error are found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK and SHERCK, JJ., concur.

ABOOD, P.J., dissents.